BROOKLYN SAVINGS BANK, Plaintiff, *v.* PARK SLOPE REALTY CORPORATION and Others, Defendants.

Supreme Court, Kings County, August 11, 1932.

*Snedeker & Snedeker*, for the motion.

*John F. Middlemiss*, in *pro. per.*

CUFF, J.   Motion to require an attorney at law to furnish the addresses of two of his clients.   This is an action to foreclose a mortgage.   The " clients " are necessary parties.   Mr. John F. Middlemiss was attorney for these " clients " in two actions brought in 1930.   Mr. Middlemiss has not appeared in this action for any party.   His " clients " have not been served in this action, in fact, to serve them is the reason for this motion.

Mr. Middlemiss opposes the giving of this information, not because he desires to impede plaintiff in prosecuting its suit, but because he considers the addresses confidential information.   He should be commended for his attitude.   He might profit by having given the addresses and thus brought himself into the litigation as counsel for his " clients," who would then be served.   Characteristic of lawyers, honor and right are placed above pecuniary advantage.   People should be allowed free access to the offices of lawyers. No one can appreciate the great good that is derived for everyone by the constant flow of people in trouble to the offices of lawyers. Their visits and the subject thereof are guarded and must be revealed to no one.   How wholesome is a government that furnishes a place where and a person to whom one can unburden his innermost thoughts and know that all is protected from public gaze by law. Fugitives surrender, perpetrators of crime confess and plead guilty after consulting with lawyers, whereas they would not have visited the attorney if they did not know that he would guard their secrets. Innocent persons, mistakenly believing that they have done a wrong, are advised of their rights after disclosing their story to a lawyer relying on the protection the law affords.   These provisions, these safeguards, must not be weakened.   The office of attorney should be made more important.   I have no patience with process dodgers.   I would do all that I could to make them come out of hiding.   It must not be done at the expense of breaking down the confidential relationship of attorney and client.   If Mr. Middlemiss were an attorney for parties in this action, the cases cited in plaintiff's brief would apply.   He is not.

Motion denied.